JOSEPH PORESKY *vs.* REGISTRAR OF MOTOR VEHICLES.

Suffolk.    May 9, 1946. — June 6, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Constitutional Law*, Police power, Motor vehicle liability security.  *Insurance*, Motor vehicle liability insurance.

The statutory provisions in force in 1946 making registration of a motor vehicle and the issuance of number plates therefor conditional upon the applicant for registration giving security, through motor vehicle liability insurance or bond or a deposit of cash or securities, for the payment of damages for bodily injuries, death, and consequential damages caused by the operation of the vehicle, are a constitutional exercise of the police power.

BILL IN EQUITY, filed in the Superior Court on January 17, 1946.

The case was heard by *Williams*, J., on demurrer.

*J. Poresky*, pro se.

*C. A. Barnes*, Attorney General, & *W. S. Kinney*, Assistant Attorney General, for the defendant, submitted a brief.

FIELD, C.J.    This is a suit in equity brought in the Superior Court against the registrar of motor vehicles.  The bill alleges that the plaintiff "is licensed to drive, owns a car, which he alone drives in the usual ordinary manner," and that the "registrar refuses him plates and registration for his car unless he complies with the motor vehicles compulsory insurance statute, c. 90, § 34A et seq. of G. L. (Ter. Ed.)."    The plaintiff prays that the registrar "be ordered to issue plates and registration to . . . [the plaintiff] on payment of usual fee," and for general relief.  The defendant demurred to the bill.  The demurrer was sustained, and thereafter a final decree was entered dismissing the bill. The plaintiff appealed.

There was no error.

Upon the allegations of the bill, the plaintiff is within the terms of the statutes making registration of a motor vehicle and the issuance of number plates therefor conditional upon

the applicant for registration giving security covering such motor vehicle by a motor vehicle liability policy or bond or a deposit of cash or securities for damages for bodily injuries, including death, and consequential damages caused by the operation of such motor vehicle. G. L. (Ter. Ed.) c. 90, § 1A, as finally amended by St. 1934, c. 264, § 2; § 2, as finally amended by St. 1939, c. 436, § 1 (see St. 1943, c. 278); § 34A, as amended by St. 1935, c. 459, § 2, and by St. 1945, c. 384, § 1; § 34B, as finally amended by St. 1935, c. 302; § 34D, as appearing in St. 1935, c. 459, § 3. There is no allegation that the plaintiff has complied with the statutory requirements for giving such security. His only contention is that these statutory requirements are unconstitutional.

In *Opinion of the Justices*, 251 Mass. 569, the justices had under consideration questions as to the constitutionality of a proposed act containing provisions that were the same as the statutes above referred to so far as would be applicable to the facts alleged in the bill. The justices answered that the proposed act in these respects would be constitutional. In the course of a somewhat extended discussion of this question, the justices said (page 596): "The requirement for security for the payment of the legal claims arising from personal injuries caused on highways by motor vehicles is an extension of the police power into a new field, so far as we are aware, but in our opinion it falls within the limits of the constitutional power of the General Court. It may be justified on several grounds," followed by a statement of these grounds. Since this opinion was given and the statute was passed numerous cases have come before the court involving the application of the statute, but in none of them has any doubt been expressed as to the constitutionality of the statute. Upon reconsideration, we are satisfied with the conclusion reached in *Opinions of the Justices*, and think further discussion unnecessary. Furthermore, any question as to the constitutionality under the Federal Constitution of the statutory requirements for giving security here involved has been set at rest by the decision of the Supreme Court of the United States in *Ex parte Poresky*, 290

U. S. 30.  See also *Poresky* v. *Ryan*, 82 Fed. (2d) 311, certiorari denied, 298 U. S. 654.

Our conclusion that the decree must be affirmed is based upon the reason above stated without considering other possible objections to the maintenance by the plaintiff of a bill in equity to compel the registrar to register the plaintiff's motor vehicle and to issue a number plate or number plates therefor.

*Decree affirmed.*