JOSEPH PORESKY *vs.* REGISTRAR OF MOTOR VEHICLES.  December 9, 1947.  Decree affirmed.  This is an appeal from a final decree dismissing a bill in equity to which a demurrer had been sustained.  The bill alleges that the plaintiff "appeals to the court for his natural and constitutional right to use the highway in the ordinary and usual manner; that is, to drive to and from his place of employment, to shop, run errands . . . .  In no event would he run a business in the highway or overreach anyone in the least in its use.  The 'right' has been the very life of man from time immemorial . . . .  Never

has it been contingent on one's financial status. But the defendant . . . in line of duty and in pursuance of the motor vehicle compulsory insurance statute, c. 90, § 34A et seq. of G. L. (Ter. Ed.) refuses . . . [the plaintiff] plate and registration for his car which are necessary to the 'right' sought," unless he first comply with that statute. There are prayers that the defendant be ordered to issue plate and registration to the plaintiff "for the purpose so set out above on payment of lawful fee." In a previous suit between the parties we held the statute to be constitutional. *Poresky* v. *Registrar of Motor Vehicles*, 319 Mass. 717. In the present case the plaintiff, while accepting the constitutionality of the statute, argues that "he be exempted from the 'statute' when in the exercise of the 'right' he seeks." There is no basis for this discriminatory exemption in his favor. G. L. (Ter. Ed.) c. 90, § 1A, as finally amended by St. 1934, c. 264, § 2. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 536. See *Opinion of the Justices*, 251 Mass. 569, 602–603.

*J. Poresky, pro se.*

*C. A. Barnes*, Attorney General, & *W. S. Kinney*, Assistant Attorney General, submitted a brief.