RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

JOSEPH PORESKY *vs.* REGISTRAR OF MOTOR VEHICLES. June 4, 1948. Interlocutory decree affirmed. Final decree affirmed with costs. General Laws (Ter. Ed.) c. 90, § 1A, as amended by St. 1934, c. 264, § 2, provides with certain immaterial exceptions that "No motor vehicle or trailer . . . shall be registered . . . unless the application therefor is accompanied by a certificate as defined in section thirty-four A." By § 34A, as amended by St. 1935, c. 459, § 2, and by St. 1945, c. 384, § 1, the word "certificate" is defined as "the certificate of an insurance company authorized to issue in the commonwealth a motor vehicle liability policy, stating that it has issued to the applicant for registration of a motor vehicle such a policy which covers such motor vehicle," or a binder therefor, or "the certificate of a surety company authorized to transact business in the commonwealth," stating that a motor vehicle liability bond in conformity to the statute has been executed by such applicant as principal and by such surety company as surety, or the certificate of the department (of public works) stating that cash or securities have been deposited with the department. For a full citation of the relevant statutes, see *Poresky* v. *Registrar of Motor Vehicles*, 319 Mass. 717, 718. The "dominant" purpose of the statute is "to make provision for security in the collection of compensation for damages sustained without fault by travellers on the highway through the negligent operation of motor vehicles." *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535. The bill seeks an order that the defendant registrar of motor vehicles register the plaintiff's motor vehicle without requiring compliance with the foregoing statutes. A demurrer to the bill was sustained, the bill was dismissed with costs, and the plaintiff appealed from the final decree. The appeal from the final decree opens for revision the interlocutory decree sustaining the demurrer as well as the final decree. *Kenyon* v. *Chicopee*, 320 Mass. 528. It has repeatedly been decided in cases to which the plaintiff was a party, that the statutes in question are constitutional, and that the plaintiff is not entitled to register his motor vehicle without compliance with them. *Poresky* v. *Registrar of Motor Vehicles*, 319 Mass. 717. *Poresky* v. *Registrar of Motor Vehicles*, 322 Mass. 742. *Ex parte Poresky*, 290 U. S. 30. *Poresky* v. *Ryan*, 82 Fed. (2d) 311, certiorari denied 298 U. S. 654.

. *J. Poresky*, pro se.

*C. A. Barnes*, Attorney General, & *W. S. Kinney*, Assistant Attorney General, for the defendant, submitted a brief.