### RISS & CO. v. HOCH et al.

### No. 1692.

Circuit Court of Appeals, Tenth Circuit.

Oct. 29, 1938.

O. Q. Claflin, of Kansas City, Kan., for appellant.

C. Glenn Morris, Asst. Atty. Gen. (Clarence V. Beck, Atty. Gen., Jay Parker, Asst. Atty. Gen., J. E. McCullough, Atty. for Port of Entry Board of State Corporation Commission, Lester Goodell, Atty. for State Highway Commission, of Topeka, Kan., and Joe Nickell, Sp. Asst. Atty. Gen., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On September 23, 1935, Riss & Company, a corporation, brought this suit against Homer Hoch, I. Harry Darby, and A. W. Logan, as members of the Port of Entry Board of the state of Kansas, Kansas State Corporation Commission, and the State Highway Commission of the state of Kansas.

In the second cause of action the complainant challenged the validity of Ch. 159, Laws of Kansas, 1935 (§§ 21-2184, 21-2185, 21-2186, 21-2187, 21-2188, and 21-2189, Gen. Stat.Ann.Kansas, 1935),[1] on the ground

---

1 Ch. 159, supra, in part reads as follows:

"21-2184. Purpose of §§ 21-2184 to 21-2189. This act is for the purpose of

that it is repugnant to the Constitution of the United States, and prayed for an interlocutory and a permanent injunction enjoining and restraining the enforcement thereof.

On September 23, 1935, the late John C. Pollock, United States District Judge, issued an order entitled "Restraining Order," the pertinent portions of which read as follows:

"It is ordered that the defendants and each of them be, and they are hereby restrained until the further order of the Court herein: * * * From collecting or attempting to collect the special fee provided in chapter 159, Laws of Kansas, 1935, on intoxicating liquor being carried through the State of Kansas by the plaintiff in interstate commerce * * * and that plaintiff's application for a temporary injunction is set for hearing on Wednesday, Oct. 2d, 1935 at 10:30 o'clock a. m. of said date, or as soon thereafter as counsel can be heard before the undersigned in the Federal Building in Kansas City, Kansas."

On October 2, 1935, the defendants filed a motion to vacate, set aside, and hold for naught the order of September 23, 1935.

On October 2, 1935, Judge Pollock approved a stipulation of the parties that the cause might be set down for final hearing on October 9, 1935, and entered an order continuing the cause until October 9, 1935. On October 9, 1935, on stipulation of the parties, Judge Pollock continued the matter until October 18, 1935, and set it for final determination on that date. In both stipulations, counsel for defendants reserved the right to object to a hearing by a single judge. On October 9, 1935, the defendants filed their answer.

On October 14, 1935, a stipulation of facts was filed in the cause. On October 18, 1935, a stipulation for submission of the cause upon the stipulation of facts and briefs to be submitted was filed by the parties, and Judge Pollock ordered that the cause should be submitted upon such stipulation of facts and briefs to be filed.

On November 7, 1935, the parties entered into a supplemental stipulation for the filing of an additional statement of facts.

On November 8, 1935, Judge Pollock ordered that the parties should file their supplemental stipulation of facts on or before November 15, 1935; that within ten days thereafter the plaintiff should file and serve its brief; and that within ten days thereafter the defendants should file and serve their reply brief.

On March 7, 1936, the parties entered into a further stipulation providing for the filing of an additional statement of facts on or before March 14, 1936.

On March 12, 1936, Judge Pollock ordered that the additional statement of facts should be filed on or before March

aiding in the administration and enforcement of the intoxicating liquor laws of this state, and shall be deemed to be supplemental to and a part of such laws."

"21-2185. Transportation of liquors across state; port of entry; inspection and sealing; fee. It shall be unlawful for any person, firm or corporation to transport, carry or convey across the state of Kansas by motor truck or other motor vehicles or have in his or its possession any intoxicating liquor intended to be transported, carried or conveyed across the state of Kansas in interstate commerce unless such person, firm or corporation shall have first entered the state of Kansas at a regularly established port of entry and have said cargo of intoxicating liquor duly inspected and sealed by the officer in charge of said port of entry and shall declare in writing to said officer in charge of said port of entry the kind and quantity of said intoxicating liquor, the name of the owner thereof, the name of the consignor and the name of the consignee, the route of travel across the state of Kansas as designated by the said officer in charge of said port of entry, the port of exit from the state of Kansas, the description of the vehicle transporting, carrying or conveying said intoxicating liquor, the name of the driver, and the person in charge thereof, and shall continue on said route of travel without unnecessary delay until said cargo of intoxicating liquor has reached the said port of exit from the state of Kansas with unbroken seals and with the same kind and quantity of intoxicating liquor which entered the state of Kansas at the original port of entry, and have said cargo duly inspected and checked by the officer in charge of said port of exit. The person in charge of such port of entry shall charge and collect a fee of $2.50 upon the sealing and unsealing, respectively, of such cargo, said fees to be in addition to all other fees and charges against such carrier."

14, 1936; that on or before March 28, 1936, the plaintiff should file and serve its brief and that within ten days thereafter the defendants should file and serve their brief, and that within five days thereafter plaintiff should file its reply brief, and that the causes of action should be submitted on the pleadings, the agreed statements of facts, and briefs of the parties.

Judge Pollock died on January 24, 1937.

The first cause of action became moot, and on September 8, 1937, the court dismissed it on motion of the plaintiff.

On November 15, 1937, the parties entered into and filed in the cause the following stipulation:

"Come now the respective parties hereto and stipulate and agree that any and all provisions of the statute in relation to a three-judge court are hereby waived, and it is agreed that this cause be, and the same is submitted to Honorable Richard J. Hopkins, Judge of the United States District Court for the District of Kansas, for decision on the stipulation of facts and briefs on file herein, and

"It is further stipulated and agreed that in the event of an appeal by either of the parties hereto, no question will be raised concerning the jurisdiction of Judge Hopkins to hear and decide said case.

"Signed this 5th day of November, A. D. 1937.

"O. Q. Claflin,
"Attorney for Plaintiff.
"Clarence V. Beck,
"J. S. Parker,
"Attorneys for Defendants."

No three-judge statutory court was ever assembled to hear either the application for an interlocutory injunction or the cause on final hearing. The motion to vacate and set aside the temporary restraining order was never acted upon and it remained in full force and effect until December 28, 1937, when Judge Hopkins entered the following order:

"Now on this 28th day of December, 1937, the Court having carefully considered the briefs and argument of the respective parties in the above action, and the record therein, finds that the restraining order heretofore issued therein should be dissolved and that said action should be dismissed.

"It is therefore, considered, ordered and adjudged, that the restraining order issued in this cause be dissolved and that said cause be, and the same is hereby dismissed. It is further ordered that costs in this action be taxed to the plaintiff."

From such order complainant has undertaken to appeal to this court.

Title 28 U.S.C.A. § 380 provides where a suit is brought to suspend or restrain the enforcement, operation, or execution of any state statute upon the ground that it is repugnant to the Constitution of the United States, and an application for an interlocutory injunction is made and pressed, that the hearing on the application for the interlocutory injunction and the final hearing must be before a court of three judges, one of whom must be a justice of the Supreme Court or a circuit judge. It further provides that whenever such an application for an interlocutory injunction is presented to a justice of the Supreme Court or to a judge, he shall immediately call to his assistance to hear and determine the application, two other judges. It further provides that the justice or judge to whom the application is made, if in his opinion it is necessary in order to prevent irreparable loss or damage to the complainant, may grant a temporary restraining order at any time before the hearing and determination of the application for an interlocutory injunction, but that such temporary restraining order shall remain in force only until the hearing and determination of the application for an interlocutory injunction. It further provides for an appeal directly to the Supreme Court from the order granting or denying the interlocutory injunction and from the final decree granting or denying a permanent injunction.

The requirement of a three-judge court is not a mere privilege or right which the parties may waive. It is a jurisdictional requirement.

It is our view that the instant case is ruled by Stratton v. St. Louis S. W. Ry. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135. There the Railway Company brought a suit on July 21, 1927, to restrain the enforcement of a statute of the state of Illinois providing for the payment of a minimum franchise tax, upon the ground that the statute as applied to the Railway Company violated the Constitution of the United States. The bill of complaint prayed for both a preliminary and permanent injunction against Stratton, as Secretary of State of Illinois, from instituting any proceedings to assess the tax, or to enforce any of the prohibitions or penalties pre-

scribed in the statute. On July 22, 1927, the complainant made an application for a temporary restraining order in accordance with the prayer of the bill, and on the same day the district judge entered an order enjoining the defendant from revoking the complainant's certificate of authority, from hindering the complainant in transacting its business in the state of Illinois, and from taking any steps for the enforcement of penalties pending the determination of the application for an interlocutory injunction. While this order was in force the defendant on November 4, 1927, moved to dismiss the bill for want of equity. This motion was heard and granted by the district judge sitting alone, and on June 7, 1928, he entered a decree dismissing the bill and dissolving the restraining order. On an appeal by the complainant from this decree, the Circuit Court of Appeals held the statute invalid under the Federal Constitution, reversed the decree, and remanded the cause with directions to enter a decree in accordance with its opinion. The matter came before the Supreme Court on appeal from the Circuit Court of Appeals. In the opinion the court said [page 10]:

"If an application for an interlocutory injunction is made and pressed to restrain the enforcement of a state statute, or of an administrative order made pursuant to a state statute, upon the ground that such enforcement would be in violation of the Federal Constitution, a single judge has no jurisdiction to entertain a motion to dismiss the bill on the merits. He is as much without power to dismiss the bill on the merits as he would be to grant either an interlocutory or a permanent injunction. His authority is strictly limited to granting, upon proper cause being shown, a temporary restraining order to be effective only pending the determination of the application for an interlocutory injunction. Upon making such an order, it is his duty immediately to call two other judges, as the statute directs, to assist him in hearing and determining that application. * * *

"Fourth. If a single judge, thus acting without jurisdiction, undertakes to enter an order granting an interlocutory injunction or a final decree, either dismissing the bill on the merits or granting a permanent injunction, no appeal lies from such an order or decree to this Court, as the statute plainly contemplates such a direct appeal only in the case of an order or decree en-tered by a court composed of three judges in accordance with the statutory requirement. Nor does an appeal lie to the Circuit Court of Appeals from an order or decree thus entered by a District Judge without authority, for to sustain a review upon such an appeal would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court.

"Accordingly, where a court of three judges should have been convened, and was not, this Court may issue a writ of mandamus to vacate the order or decree entered by the District Judge and directing him, or such other judge as may entertain the proceeding, to call to his aid two other judges for the hearing and determination of the application for an interlocutory injunction. * * * This remedy would not be available if there were a remedy by appeal. * * *

"Fifth. It follows that, in the present case, no appeal lay to the Circuit Court of Appeals, and that court should have dismissed the appeal for want of jurisdiction. The bill prayed for a preliminary, as well as for a permanent, injunction. On filing the bill the complainant at once moved for a temporary restraining order in accordance with the prayer of the bill. The order granted by the District Judge recited that the complainant sought a temporary restraining order pending a hearing on an application for an interlocutory or preliminary injunction, and the order enjoined the enforcement of a state statute until the consideration and determination of that application. The application to restrain the enforcement of the state statute pending the suit was manifestly not withdrawn, but was continuously pressed in order to avoid the prohibitions and penalties imposed by the state law in case the tax in question was not paid. The District Judge, on granting the temporary restraining order, failed to call in two other judges to aid him in hearing and determining the application for the interlocutory injunction, and the restraining order was permitted to operate as an interlocutory injunction for several months and until the determination of the motion to dismiss the bill on the merits.

"The requirement of the statute has regard to substance and not to form. It matters not whether the injunction is called

preliminary or interlocutory, or is styled a temporary restraining order, if it is granted to restrain the enforcement of state legislation and is continued in force until the hearing on the merits, without such restraint pending the suit being made the subject of consideration and determination by three judges as the statute requires. The temporary restraining order which the District Judge, acting alone, could grant is only to maintain the status quo, on proper cause being shown, for such time as may be necessary to obtain a decision upon the application for an interlocutory injunction by a court of three judges, which is to be immediately convened.

"As the proceeding in this suit fell within the provision of the statute, and the District Judge had no jurisdiction to hear the motion to dismiss the bill on the merits, the consent of the parties could not give validity to the decree or confer jurisdiction upon the Circuit Court of Appeals to entertain an appeal therefrom."

 It follows that the district judge sitting alone had no jurisdiction to dismiss the bill and this court is without jurisdiction to entertain an appeal from the order of dismissal.

The appeal is accordingly dismissed.