**H. Gordon HOWARD, Plaintiff-Appellant,**

v.

**The STATE DEPARTMENT OF HIGH-WAYS OF COLORADO et al., Defendants-Appellees.**

No. 72–1010.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 21, 1972.

Decided May 18, 1973.

---

**582**

H. Gordon Howard, pro se.

Loyal W. Trumbull, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., and Joseph M. Montano, Chief Highway Counsel, Asst. Atty. Gen., Denver, Colo., on the brief), for appellees.

Before BARNES,* HILL and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Howard brought this suit challenging the validity under the feder-

al constitution and antitrust laws of the Colorado Outdoor Advertising Act, as amended, § 120–5–2 et seq., Colorado Revised Statutes Annotated, 1963 (1971 Supp.). Among other things, Howard asserted the unconstitutionality of the statute under the First Amendment guarantee of free speech, the due process, equal protection and privileges and immunities clauses and Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2. He alleged that the defendants were threatening him with fine and imprisonment for violation of the statute, by threatening letters, and were attempting to deprive him of his property rights in leases and highway information and directional signs to Pine Lake Trailer Resort and Campground, which he owns and operates. He invoked the provisions of 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. §§ 1983 and 1985(3), and prayed for a declaratory judgment, or an injunction, prohibiting and enjoining defendants from enforcing the allegedly unconstitutional act and for damages.

The defendants moved to dismiss, among other things claiming Eleventh Amendment immunity for the State and the Department, and asserting that the complaint failed to state a claim for relief. By brief they argued for abstention to permit proceedings in the state courts of Colorado. The district court, as a single judge, determined that abstention was appropriate and dismissed the action without prejudice, and Howard appealed. For reasons that follow we affirm the dismissal on different reasoning than that of the district court.

At the hearing where the dismissal ruling was announced the court indicated that jurisdiction was proper, but that it was appropriate to abstain from exercising such jurisdiction to permit state court proceedings. As noted, the suit sought an injunction against the enforcement of the state statute on grounds of its unconstitutionality. This raises the question whether the three-judge court requirements of 28 U.S.C.A.

* Honorable Stanley, N. Barnes, of the Ninth Circuit, sitting by designation.

§§ 2281 and 2284 apply. The bringing of such a suit does not compel the convening of a three-judge court if a substantial federal question is not presented, see Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152; but the single judge may not, if jurisdiction exists, make the determination to abstain and withhold relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794; see also Goosby v. Osser, 409 U.S. 512, 516–517, 93 S.Ct. 854, 35 L.Ed.2d 36 (decided 1/17/73); A.L.I., Study of the Division of Jurisdiction Between State and Federal Courts 330; Wright, Federal Courts (2d Ed.) 193. The determination to abstain and withhold relief is a function of the three-judge court in such a case. See Goosby v. Osser, supra at 522, 93 S.Ct. 854.

The single judge need not request a three-judge court if no substantial federal question is presented, and instead he may dismiss for want of jurisdiction. Goosby v. Osser, supra, at 522, 93 S.Ct. 854; Ex parte Poresky, supra 290 U.S. at 31–32, 54 S.Ct. 3; Firkins v. Colorado, 434 F.2d 1232, 1233 (10th Cir.).

However, the Supreme Court has made it clear that strict standards must be met before the court may conclude that the case is insubstantial. "In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claim frivolous . . ." Goosby v. Osser, supra at 518, 93 S.Ct. at 859.

In this case we conclude that the complaint presents no substantial federal question for reasons that follow, and, therefore, affirm the dismissal as proper for lack of jurisdiction. While this three-judge court problem was not presented to the trial court or here by the parties, it is jurisdictional and may not be waived. Stratton v. St. Louis Southwestern Railway Co., 282 U.S. 10, 13, 15, 51 S.Ct. 8, 75 L.Ed. 135; Riss &

Co. v. Hoch, 99 F.2d 553, 555 (10th Cir.); Americans United for Separation of Church and State v. Paire, 475 F.2d 462 (1st Cir., 3/16/73); see Kennedy v. Mendoza-Martinez, 372 U.S. 144, 153, 83 S.Ct. 554, 9 L.Ed.2d 644. We have noted the problem because of its jurisdictional nature and its effect on the disposition which we feel is properly a dismissal for want of jurisdiction.

The amended complaint of Howard alleged essentially these facts. Howard is the owner and operator of Pine Lake Trailer Resort and Campground located on Colorado Highway #14, Weld County, Colorado. He is also the lessee of ground on which the signs are located.

The defendants are the State of Colorado; the State Highway Department, a State subdivision; Charles Shumate, chief engineer and head of the Department; Al Bower, deputy chief engineer and head of the sign department of the Colorado Highway Department; and Milo Ballinger, superintendent at Greeley for the Department. Howard avers that the defendants are threatening him with fines and imprisonment for violation of the Colorado Outdoor Advertising Act. Two notices were sent him by defendant Ballinger, stating that two roadside advertising devices referring to the Pine Lake Campground were in violation of the Act, being in the nature of advertising to motorists traveling on a Federal Aid Highway, and there being no required permit for the signs. Notice was given to remove the signs or to apply within thirty days for a permit. The notices also referred to possible conviction and fine up to $1,000 for offenses under the Act.

The amended complaint further alleged that Howard's rights arise under the due process clause of the Fourteenth Amendment; that the Act is an unconstitutional zoning law, attempting to legislate out of existence a legitimate informative and advertising business; that the statute was being used to take Howard's property without just compensation; that the statute denies due proc-

ess and is arbitrary and discriminatory in violation of the Fourteenth Amendment; and that the statute unlawfully operates to establish a monopoly in violation of the antitrust laws. On brief Howard argued to the district court and here that the statute also unconstitutionally denies First Amendment rights of free speech.

As amended the Colorado Outdoor Advertising Act prohibits the erection or maintenance of any advertising device, as defined in the act, which is designed, intended or used to advertise or to give information in the nature of advertising visible to the public traveling on the main traveled way of the state highway system unless the advertising device is erected and maintained in accordance with provisions of the article. § 125–5–12. The "State Highway System" includes the interstate highways and federal aid roads. § 120–13–1. With certain exceptions provided in § 120–5–18,[1] all such devices are prohibited except where a permit has been obtained. Other sections of the amended act completely forbid the issuance of permits under certain circumstances. § 120–5–23.

■ We are satisfied that the complaint presents no substantial federal question as to the validity of the statute. The Supreme Court has long sustained exercises of the police power of the states for regulation and prohibition of various forms of outdoor commercial advertising. See, e. g., Railway Express, Inc. v. New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533; Valentine v. Chrestensen, 316 U.S. 52, 62 S.Ct. 920, 86 L. Ed. 1262; Fifth Avenue Coach Co. v. New York, 221 U.S. 467, 31 S.Ct. 709, 55 L.Ed. 815; Packer Corporation v. Utah, 285 U.S. 105, 52 S.Ct. 273, 76 L.Ed. 643. Moreover similar statutes restricting roadside advertising have been upheld in several decisions against similar constitutional challenges. See, e. g., Elliott Advertising Co. v. Metropolitan Dade Co., 425 F.2d 1141 (5th Cir.), cert. dismissed, 400 U.S. 805, 91 S.Ct. 12, 27 L. Ed.2d 35; Markham Advertising Co. v. State, 73 Wash.2d 405, 439 P.2d 248; Southeastern Displays, Inc. v. Ward, 414 S.W.2d 573 (Ky.); New York State Thruway Authority v. Ashley Motor Court, Inc., 10 N.Y.2d 151, 218 N.Y.S.2d 640, 176 N.E.2d 566;[2] contra, State Highway Department v. Branch, 222 Ga. 770, 152 S.E.2d 372. In the Markham case the Washington Highway Advertising Control Act was upheld against the due process claims of arbitrariness and denial of just compensation, as well as equal protection and free speech claims among others. Moreover the Supreme Court subsequently dismissed an appeal of the Markham case for want of a substantial federal question. Markham Advertising Co., Inc. v. Washington, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 512, rehearing denied, 393 U.S. 1112, 89 S.Ct. 854, 21 L.Ed.2d 813.[3]

---

1. § 120–5–18 provides in part as follows:
"(2) (a) The following advertising devices shall not require permits under this article:
(b) (Repealed) . . . .;
(c) Advertising devices advertising the sale or lease of the property on which they are located;
(d) Advertising devices advertising activities conducted on the property on which they are located;
(e) Advertising devices which are located in areas which were zoned industrial or commercial under authority of state law prior to January 1, 1970."

2. See also Moore v. Ward, 377 S.W.2d 881 (Ky.); General Outdoor Advertising Co. v. Department of Public Works, and fourteen other cases, 289 Mass. 149, 193 N.E. 799, appeals dismissed, 297 U.S. 725, 56 S.Ct. 495, 80 L.Ed. 1008; People v. Goodman, 31 N.Y.2d 262, 290 N.E.2d 139; Ghaster Properties, Inc. v. Preston, 176 Ohio St. 425, 200 N.E.2d 328 (Ohio). And see People v. Stover, 12 N.Y.2d 462, 240 N.Y.S.2d 734, 191 N.E.2d 272, appeal dismissed for want of a substantial federal question, 375 U.S. 42, 84 S.Ct. 147, 11 L.Ed.2d 107.

3. We have examined the jurisdictional statement in the Markham case. In presenting the constitutional issues to the Supreme Court of the United States, the statement included the constitutional claims mentioned above and rejected by the Washington Supreme Court.

We have considered cases bearing on free speech relied on by appellant Howard, Tobin Imports, Inc. v. Rizzo, 305 F. Supp. 1135 (E.D.Pa.); and Close v. Lederle, 303 F.Supp. 1109 (D.Mass.), reversed, 424 F.2d 988 (1st Cir.), cert. denied, 400 U.S. 903, 91 S.Ct. 141, 27 L. Ed.2d 140. We feel there is no substantial support in these cases for a claim of denial of free speech where only commercial advertising and directional signs are involved. In sum we are satisfied that appellant Howard's constitutional claims raised no substantial federal question.

■ Appellant Howard also alleged that the Colorado Act was invalid under the federal antitrust laws. He argues that the Act empowers the State, which maintains campgrounds and outdoor recreational facilities, to enter the field of private business as a monopoly. The argument is without substance. Where a monopoly or restraint of trade is a result of valid state action, there is no antitrust violation. Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315; see California Transport v. Trucking Unlimited, 404 U.S. 508, 516 n. 3, 92 S.Ct. 609, 30 L.Ed.2d 642 (Stewart, J., concurring).

■ Appellant argues that 28 U.S.C. A. § 1343 and 42 U.S.C.A. §§ 1983 and 1985(3) are separate sources of rights and federal jurisdiction. However the statutes clearly create no separate rights themselves but instead confer remedies for enforcement of rights arising under the Constitution or federal law, and make a grant of federal jurisdiction to hear such cases. Since the complaint shows no violation of rights under federal law, the remedial and jurisdictional statutes add no substance to appellant's case. See Stringer v. Dilger, 313 F.2d 536, 540 (10th Cir.).

For these reasons we conclude that no substantial federal question was presented and that a dismissal for want of jurisdiction was proper. See Ex Parte Poresky, supra 290 U.S. at 32, 54 S.Ct. 3; Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939. Accordingly the judgment is modified to provide that the action is dismissed for want of jurisdiction, and as modified, is affirmed.