(No. 46837.—)

THE BOARD OF EDUCATION OF ARMSTRONG HIGH SCHOOL DISTRICT NO. 225 *et al.*, Appellants, v. JAMES H. ELLIS, Superintendent of Educational Service Region, *et al.*, Appellees.

*Opinion filed March 24, 1975.—Rehearing denied May 29, 1975.*

Harvey H. Acton and Thomas B. Meyer, of Danville (Acton, Bookwalter, Meyer & Smith, of counsel), for appellants.

Charles R. Young, of Graham, Meyer, Young, Welsch & Maton, and Carroll E. Snyder, of Stifler and Snyder, both of Danville, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court:

This case arises out of an action in administrative review heard in the circuit court of Vermilion County. A petition was filed with the Superintendent of the Educational Service Region of Vermilion County on June 17, 1971, requesting that he call an election to vote on the establishment of a unit school district pursuant to section 11–6 of the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 11–6). A public hearing was held on August 16, 1971, at which time evidence was presented by the petitioners and objectors to the petition. The superintendent granted the petition at the close of the hearing, and on September 16, 1971, the objectors filed this action for review pursuant to the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*). The circuit court of Vermilion County set aside the order of the regional superintendent, and the superintendent and others appealed to the appellate court. That court, on its own motion, dismissed the appeal for want of jurisdiction in that it found that there was no jurisdiction for the bringing of an administrative review proceeding in the circuit court. (19 Ill. App. 3d 381.) We granted leave to appeal.

Section 11–6 of the School Code, as amended by Public Act 77–604, effective July 1, 1971, provided:

"A decision of the regional superintendent denying the petition is an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act', and any petitioner or resident who appears in support of the petition at the hearing may apply for a review of such decision in accordance with the 'Administrative Review Act' and all amendments and modifications thereof and the rules adopted pursuant thereto." Ill. Rev. Stat. 1971, ch. 122, par. 11—6.

In 1973, by Public Act 78—732, the General Assembly again amended section 11—6 of the School Code to provide:

"A decision of the regional superintendent or Superintendent of Public Instruction denying or approving the petition, whether made prior or subsequent to the effective date of this Act, shall be a final decision, from which no review or appeal shall be had or taken. However, this amendatory Act of 1973 shall not be construed to affect applications for review which were perfected pursuant to the provisions of the 'Administrative Review Act' before the effective date of this Act." Ill. Rev. Stat. 1973, ch. 122, par. 11—6.

It plainly appears that the proceedings under consideration in this review are governed by the provisions of Public Act 77—604 whether the later amendment, Public Act 78—732, is constitutional or unconstitutional. If valid, the saving clause of that amendment provides that pending applications for review, such as this, are not affected. If the amendment were to be declared invalid in its entirety the provisions of Public Act 77—604 would be reinstated. (*Fiorito v. Jones,* 39 Ill.2d 531, 541.) Thus, we need not consider the constitutionality of that part of Public Act 78—732 which denies all review of the decisions of the regional superintendent or Superintendent of Public Instruction denying or approving petitions because that provision is not involved in this proceeding.

Although Public Act 77—604 by its language gives only supporters of the petition the right to review under the Administrative Review Act, it does not follow that

such a provision is unconstitutional. We find this situation to be analogous to the circumstance found in Supreme Court Rule 304 (50 Ill.2d R. 304), under which there are specified exceptions to the rule that an appeal will lie only from a final judgment. Here a denial of the petition effectively stops all proceedings thereunder, and in effect it is thus a final judgment against the petitioners. However, if the petition is granted, there are further proceedings in which the objectors may yet prevail. The objectors could carry the election which would preclude the formation of the new unit school district. If the proposal were to be defeated there would be no cause for the objectors to the petition to seek review. If the election were to be won by those in favor of forming the proposed new unit district, the new district could then be challenged by the objectors in a proceeding in *quo warranto*. (Ill. Rev. Stat. 1973, ch. 112, par. 9 *et seq.*) Consequently, the provisions of Public Act 77—604 limiting review of the superintendent's order to those instances where that order denies the petition and terminates the proceedings do not unfairly discriminate as between objectors and petitioners. By the specification of the use of *quo warranto* herein, we do not mean to indicate that other civil actions may not be available in a given situation, or that such action affords the only available remedy.

It is a cardinal rule of statutory construction that a statute will always be construed so as to uphold its constitutionality if possible. (*People v. Nastasio*, 19 Ill.2d 524, 529.) We believe this result to be in full conformity with the intent of the legislature to preclude what would amount to interlocutory appeals when the petition is granted. It affords both petitioners and objectors protection against arbitrary refusals to grant proper petitions, as well as the erroneous creation of new districts.

Since the provisions of the controlling amendment to the School Code did not authorize administrative review of the decision granting the prayer of the petition, the

plaintiffs-objectors could not seek a review of this decision under the Administrative Review Act, and it is unnecessary to consider the many allegations of their complaint. The circuit court had no jurisdiction to review the decision under the Administrative Review Act, and it erred in setting aside the order granting the petition.

The appellate court did not reverse the order of the circuit court but rather dismissed the appeal. The net effect of this dismissal was to leave the order of the circuit court of Vermilion County in full force and effect. (See Supreme Court Rule 369(b) (50 Ill.2d R. 369(b).) The appropriate order would have been to reverse the judgment of the circuit court of Vermilion County and to remand the cause with directions to dismiss the complaint. *Bankers Life and Casualty Co. v. City of Chicago,* 21 Ill.2d 172; *La Salle National Bank v. City of Chicago,* 3 Ill.2d 375.

The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Vermilion County with directions to dismiss the complaint.

*Reversed and remanded,*
*with directions.*