SULLIVAN OUTDOOR ADVERTISING, INC., an Illinois Corporation, Plaintiff,

v.

The DEPARTMENT OF TRANSPORTATION OF the STATE OF ILLINOIS et al., Defendants.

No. 75 C 1940.

United States District Court, N. D. Illinois, E. D.

Sept. 27, 1976.

816

Solomon & Solomon, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Michael J. Hayes, Asst. Atty. Gen., Chicago, Ill., for defendants.

### MEMORANDUM DECISION

MARSHALL, District Judge.

Before the court is the state defendants' motion to dismiss the plaintiff's two-count complaint challenging the constitutionality of the Illinois Highway Advertising Control Act of 1971, Ill.Rev.Stat. ch. 121, § 501 *et seq.* The United States Department of Transportation has filed an answer to the complaint. Jurisdiction is predicated on 28 U.S.C. § 1331 (1970), and an allegation of damages in excess of $10,000.

In 1965 Congress enacted the Highway Beautification Act of 1965. Title I of the Act, 23 U.S.C.A. § 131 (Supp.1976), is de-

signed to encourage states to enact legislation to control roadside advertising along interstate and primary federal aid highways. As an incentive to the states,the Act provides that any state that fails to enact appropriate legislation will suffer a ten percent reduction in its portion of the federal highway funds. 23 U.S.C. § 131(b) (Supp. 1976). See Cunningham, "Billboard Control Under the Highway Beautification Act of 1965," 71 Mich.L.Rev. 1296 (1973). Most probably in response to this incentive, the Illinois legislature enacted the Illinois Highway Control Act of 1971, which became effective on July 1, 1972.

In general, the Illinois Act attempts to regulate, in accord with federal standards, the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to interstate and primary highways, to the end that the natural beauty of the highways will be preserved. Ill. Rev.Stat. ch. 121, § 501 (1973). Like other states, Illinois regulates outdoor advertising through a system of permits. Section 508 requires that within 90 days of the effective date of the Act, signs subject to regulation under the Act were to be registered with the Illinois Department of Transportation on forms provided by the agency. Each sign was subject to a registration fee of $5. New signs were subject to the same requirements, except that a permit had to be obtained before the sign could be erected.

Since the strict requirements of the Act rendered many lawfully erected signs illegal, the Act provides:

§ 509. Enforcement of Act—Compensation for removal of signs.

In order to obtain compliance with this Act, the Department may after July 1, 1973 acquire property and other rights by purchase, gift, condemnation or otherwise. Just compensation shall be paid for the removal of signs lawfully erected or lawfully in existence but not permitted to be maintained under this Act.

This provision is consistent with the mandate of Section 131(g) of the Federal Act, which provides:

(g) Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under State law. The Federal share of such compensation shall be paid for the following:

(A) The taking from the owner of such sign, display, or device of all right, title, leasehold and interest in such sign, display, or device; and

(B) The taking from the owner of the real property on which the sign, display, or device is located, of the right to erect and maintain such signs, displays, and devices thereon.

Although the Illinois Act, consistent with the federal Act, provides for just compensation, certain classes of signs are declared unlawful and a nuisance and subject to removal without compensation. More specifically, Section 510 of the Act provides that the following signs are unlawful and a public nuisance:

(a) Signs erected after the effective date of this Act in violation of this Act;

(b) Signs not registered in accordance with this Act or in accordance with the regulations established by the Department;

(c) Signs without valid permits, as required by this Act or by the regulations established by the Department.

Signs falling within these categories are not automatically removed, however. The Department must first notify the owner by certified mail that the sign or signs in question must be brought into compliance with the Act or removed within 30 days. If an owner fails to register or remove the signs, the statute declares that they shall become the property of the state and be removed and disposed of by the Department. On the other hand, if the sign is registered during the 30-day period, it may remain in place if it otherwise complies with the Act. Should a registered sign be nonconforming, however, the owner is entitled to compensation

pursuant to Section 508.[1] Thus, a sign becomes subject to removal without compensation only if there is a failure to register.[2]

The plaintiff, Sullivan Outdoor Advertising Company, is an Illinois corporation engaged in the business of outdoor advertising and maintaining billboards. Prior to the enactment of the Illinois Highway Advertising Control Act, Sullivan had lawfully erected in various locations numerous signs and billboards. Subsequent to the passage of the Act, however, Sullivan failed to comply with the 90-day registration period provided for in Section 508. Thereafter, the Department conducted a statewide inventory of signs and discovered Sullivan's nonregistered signs. Sullivan was then notified that it had 30 days to register its signs pursuant to Section 510 of the Act. Apparently a large number were registered within the 30-day period, but 42 permit applications were rejected on the basis of lateness. Thereafter, some of these were accepted for reasons which are unexplained. Approximately a year later, the plaintiff alleges that the Department arbitrarily seized and dismantled 43 [3] of its signs, purportedly under the authority of Section 510.

Based on these allegations of fact, the plaintiff argues that Section 510 is in violation of Article VII of the United States Constitution, that the statute conflicts with 23 U.S.C.A. § 131(g) (Supp.1976), and therefore is invalid under the supremacy clause, and that the statute provides for the taking of property without due process of law in violation of the fourteenth amendment. Damages in the amount of $72,000 are requested along with a prayer for declaratory and injunctive relief.

◼ Since the complaint requests an injunction restraining the enforcement of a state statute by restraining the officers charged with enforcement of the Act on grounds of unconstitutionality, the parties were directed to brief the question of whether a three-judge court was required. 28 U.S.C. §§ 2281, 2284 (1970). The requirement of Section 2281 is jurisdictional and if it applies, a single district court judge is powerless to act. *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 153, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *cf. McLucas v. DeChamplain*, 421 U.S. 21, 95 S.Ct. 1365, 43 L.Ed.2d 699 (1975). The plaintiff argues that a three-judge court must be convened, while the defendants argue one is unnecessary because the claims asserted are insubstantial. *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1975); *Wojcik v. Levitt*, 513 F.2d 725, 728 (7th Cir. 1975).

◼ Although both parties have proceeded on the assumption that the three-judge court statute is wholly applicable to all the claims asserted, the Supreme Court's decision in *Swift & Co. v. Wickham*, 382 U.S. 111, 128, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), clearly establishes claims based on the supremacy clause are considered statutory, not constitutional, and thus do not require the convening of a three-judge court. *Hagans v. Lavine*, 415 U.S. 528, 533 n.5, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). More interesting, however, is the procedure a court should follow when presented with claims resting both on the supremacy clause and other specific constitutional provisions.

In *Hagans v. Lavine, supra,* the plaintiff challenged a state welfare statute on equal protection grounds and under the supremacy clause. Jurisdiction over the latter claim was pendent to the equal protection claim asserted pursuant to 42 U.S.C. § 1983(3) (1970), and 28 U.S.C. § 1343(3) (1970). The Court first concluded that the Section 1983 claim was substantial, and that consequently, there was pendent jurisdiction over the supremacy clause claim. More importantly, however, the Court reasoned that the proper procedure for trying the claims was for the single district court judge to try the

---

1. If an owner rejects a state offer of compensation, the state must proceed by condemnation. Ill.Rev.Stat. ch. 121, § 509 (1973); Illinois Department of Transportation, Information About Outdoor Advertising Signs at 18, § 20.

2. If a sign is erected after the effective date of the Act without a permit and in violation of the structural requirements of the Act, just compensation would not have to be paid under Section 509.

3. There is no explanation for the discrepancy in the number of signs not registered and the number allegedly removed.

supremacy clause claim because it was statutory. Only if that claim is not dispositive and results in a dismissal of the plaintiff's claim, should the single judge request the convening of a three-judge court to hear the claims required to be heard by it under the three-judge court statute.

■ While this case is somewhat different from *Hagans* in that there is facial jurisdiction over all the claims under Section 1331, the procedures mandated there are equally applicable here. The supremacy clause claim, which has an independent jurisdictional basis, must be considered first. And if that claim proves not to be dispositive of the plaintiff's claim, a three-judge court must be convened unless the issues raised are insubstantial, a determination required to be made by the single district court judge. *Ex parte Poresky,* 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed.2d 152 (1933). *But cf. Hicks v. Miranda,* 422 U.S. 332, 344 n.14, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

■ The plaintiff contends that Section 510, by providing for the taking of signs without compensation, conflicts with the just compensation provisions of 23 U.S.C.A. § 131(g), and thus is void under the supremacy clause. This contention is so devoid of merit that it must be deemed insubstantial. *See Hagans v. Lavine, supra,* 415 U.S. at 536–38, 94 S.Ct. 1372; *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Newburyport Water Co. v. Newburyport,* 193 U.S. 561, 579, 24 S.Ct. 553, 48 L.Ed. 795 (1904). In *Markham Advertising v. Washington,* 73 Wash.2d 405, 439 P.2d 248 (1968), *dismissed for want of a substantial federal question,* 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 512 (1969), *reh. denied,* 393 U.S. 1112, 89 S.Ct. 854, 21 L.Ed.2d 813 (1969), the Washington Supreme Court held that the federal statute

did not preempt the field, and that the states were free to regulate outdoor advertising within their borders. The federal Act was held to be merely coercive and not directory, the court reasoning that if Congress had intended the federal Act to be compulsory there would have been no purpose for the 10 percent reduction in federal highway aid provision. This issue, among others, was appealed to the Supreme Court, and the Court dismissed the appeal for want of a substantial federal question.[4] This action clearly constituted a decision on the merits of the plaintiff's claim in *Markham,* and we are not free to disregard it here. *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); *Ohio ex rel. Eaton v. Price,* 360 U.S. 246, 247, 79 S.Ct. 978, 3 L.Ed.2d 1200 (1959) (Brennan, J.); *Port Authority Bondholders Protective Committee v. Port of New York Authority,* 387 F.2d 259, 263 n.3 (2d Cir. 1967); *Ahern v. Murphy,* 457 F.2d 363 (7th Cir. 1972).

■ Therefore, since the Supreme Court has determined that the supremacy clause argument advanced by the plaintiff is insubstantial, and there are no doctrinal developments indicating otherwise,[5] *Hicks v. Miranda, supra,* the conclusion reached is that the plaintiff's complaint must be dismissed for want of jurisdiction, *see Howard v. State Department of Highways of Colorado,* 478 F.2d 581 (10th Cir. 1973), in so far as it attempts to state a claim under the supremacy clause.

Having determined that the plaintiff's statutory claim is insubstantial, *Hagans* requires that we next consider whether the constitutional claims are substantial and thus require the convening of a three-judge court.

Recently, in *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), the

---

4. We have examined the jurisdictional statement filed in *Markham* and are convinced that the supremacy clause issue was squarely before the Court.

5. At least one other court and several commentators have reached the conclusion that the state statutes are not preempted under the supremacy clause by the federal Act. *Art Neon*

*Co. v. City of Denver,* 488 F.2d 118 (10th Cir. 1973), *cert. denied,* 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 246 (1974), Cunningham, "Billboard Control under the Highway Beautification Act of 1965," 71 Mich.L.Rev. 1296, 1310, 1314–18 (1973); Lamm & Yasinow, "The Highway Beautification Act of 1965," 46 Den.L.J. 437, 449 (1969).

Court had occasion to restate the substantiality doctrine:

> Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," *Bailey v. Patterson,* 369 U.S. [3], at 33 [82 S.Ct., 549, at 551, 7 L.Ed.2d 512]; "wholly insubstantial," *ibid.*; "obviously frivolous," *Hannis Distilling Co. v. Baltimore,* 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); and "obviously without merit," *Ex parte Poresky,* 290 U.S. 30, 32 [54 S.Ct. 3, 4–5, 78 L.Ed. 152] (1933). The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " *Ex parte Poresky, supra,* at 32 [54 S.Ct. 3 at 4], quoting from *Hannis Distilling Co. v. Baltimore, supra,* 216 U.S. at 288 [30 S.Ct. 326 at 327] see also *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103, 105–106 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); *McGilvra v. Ross,* 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909).

409 U.S. at 518, 93 S.Ct. at 858. *Accord, Wojcik v. Levitt, supra.*

The plaintiff's claim is that the Illinois Act violates Article VII of the Constitution, which provides,

> The Ratification of the Conventions of the nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same.

■ Obviously, Article VII has no relevancy to the plaintiff's claims and cannot support jurisdiction under Section 1331. Therefore, the plaintiff's complaint in so far as it purports to state a claim under Article VII is dismissed for want of jurisdiction.

The plaintiff's remaining claim is that Section 510 is unconstitutional because it provides for the taking of property without due process of law in violation of the fourteenth amendment. Arguably, the claim raises issues of both substantive [6] and procedural due process.

■ In *Markham Advertising Co., Inc. v. Washington, supra,* the Washington Supreme Court concluded that the state's statute, which provided for removal of nonconforming signs without compensation, was a valid exercise of the state's police power and did not violate the due process clause. And as noted earlier, the appeal in *Markham* was dismissed for want of a substantial federal question. The jurisdictional statement filed by the appellants clearly demonstrates that the issue asserted here was before the Court and was branded as insubstantial. Therefore, the plaintiff's substantive due process claims are insubstantial and must be dismissed for want of jurisdiction. *Accord, Howard v. State Department of Highways of Colorado,* 478 F.2d 581 (10th Cir. 1973).

■ The plaintiff's procedural due process claim is also insubstantial. Section 10 of the Act requires signs existing at the time of the effective date of the Act to be registered within 90 days. This directive was clearly within the state's police power. *See, e. g., Railway Express, Inc. v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949). Registered nonconforming signs were thereafter subject to removal with payment of just compensation. Owners who failed to register their signs were given notice of the registration requirement and opportunity to present themselves at

---

6. *See Weinberger v. Salfi,* 422 U.S. 749, 766–74, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

the Department within 30 days to register the offending signs. They were also advised that failure to register would result in the signs becoming the property of Illinois and thereafter subject to removal by the state. Any final decision made by the Department was thereafter subject to review in the Circuit Courts of Illinois by one of the common law modes of review such as writ of certiorari or mandamus. *See* Illinois Administrative Review Act, Ill.Rev. Stat. ch. 110, § 265 (1973); *Board of Education of Armstrong High School District No. 225 v. Ellis,* 19 Ill.App.3d 381, 311 N.E.2d 615 (4th Dist. 1974), *rev'd on other grounds,* 60 Ill.2d 413, 328 N.E.2d 294, appeal dismissed for want of substantial federal question, 423 U.S. 908, 96 S.Ct. 209, 46 L.Ed.2d 137 (1975); *Koch v. Board of Trustees of University of Illinois,* 39 Ill.App.2d 51, 187 N.E.2d 340 (1st Dist. 1971), *cert. denied,* 375 U.S. 989, 84 S.Ct. 523, 11 L.Ed.2d 475 (1963); *People ex rel. Peterson v. Valencik,* 131 Ill.App.2d 264, 266 N.E.2d 752 (1st Dist. 1970).

There is no dispute that the plaintiff failed to register its signs during either the initial 90-day period or the 30-day grace period. Moreover, the plaintiff candidly admits that it received written notice of its failure to register the signs in dispute, and that it did not attempt to register the signs within the grace period. The plaintiff complains that it was deprived of procedural due process when the Department "arbitrarily" refused to accept his late registrations, and because there exist no means, either administrative or judicial, to review the Department's decision not to accept the late registrations. Both of these claims are frivolous.

■ The Illinois Act provides for notice and the opportunity to be heard. The plaintiff's challenge to the statute is not that it failed to receive notice or that it was denied a fair opportunity to register its signs with the state within the 30-day grace period, but that the Act's failure to provide a mechanism for late filings beyond the grace period violates the due process clause of the fourteenth amendment. This argument is so frivolous as to be insubstantial.

■ Equally insubstantial is the claim that Section 510 violates the due process clause because it does not provide a review mechanism. If the Illinois legislature desired, it could, consistent with the due process clause, deny review of the Department of Transportation, providing due process was accorded at the administrative level.[7] *See Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 35 L.Ed.2d 572 (per curiam) *reh'g denied,* 411 U.S. 922, 93 S.Ct. 1551, 36 L.Ed.2d 315 (1973); 4 K. Davis, *Administrative Law Treatise* § 28.18–19 (1958). Here, however, the plaintiff could have obtained review of the Department of Transportation's decision not to register his signs by a common law writ in the Circuit Court. The plaintiff's claim, therefore, that it was denied due process of law because it could not obtain review of the Department's decision is frivolous and insubstantial.

For the reasons stated above, an order will enter dismissing the plaintiff's complaint against the state defendants for want of jurisdiction.

A review of plaintiff's complaint against the United States Department of Transportation reveals that it is a nominal defendant against whom no relief is sought. Accordingly, upon the dismissal of plaintiff's claim against the state defendants, its complaint against the federal defendant should be dismissed.

Judgment will enter dismissing plaintiff's action.

---

7. The plaintiff cannot complain of the procedures followed by the Department in accepting registrations during the 30-day period because no attempt to register the signs in question was made until after the period had expired.