## EX PARTE PORESKY.

No. —, original. Motion submitted October 2, 1933.—Decided November 6, 1933.

*Mr. Joseph Poresky, pro se.*

PER CURIAM.

Leave is asked to file a petition for a writ of mandamus requiring District Judge Elisha H. Brewster, or other competent Judge, to call to his assistance two other Judges for the purpose of hearing and determining petitioner's application for an interlocutory injunction, as directed by statute. Jud. Code, § 266; 28 U.S.C. 380.

Petitioner brought suit in the District Court of the United States against Joseph E. Ely, Governor, Joseph E. Warner, Attorney General, and Morgan T. Ryan, Registrar of Motor Vehicles, of Massachusetts, to enjoin the enforcement of chapter 90 of the General Laws of Massa-

chusetts, relating to "compulsory automobile liability insurance," upon the ground that the statute violates the Fourteenth Amendment of the Constitution of the United States. Petitioner alleged in his complaint that he is a citizen of Massachusetts; that the Registrar of Motor Vehicles had refused registration and number plates for his car unless he complied with the statute, under which he "must first post either bond or cash of $5,000, or procure insurance"; that the statute "is only applicable to cars owned and operated within the State and does not include cars in interstate traffic"; that he cannot comply with the statute; that to disregard it would bring him fine and imprisonment; that he has no adequate remedy at law; and that his inability to comply with the statute "is the Registrar's only reason for refusing him registration and number plates."

The District Judge dismissed the complaint as to Governor Ely and Attorney General Warner upon the ground that they were improperly joined as parties, and later he dismissed the complaint as to the defendant Ryan, Registrar of Motor Vehicles, for the want of jurisdiction, as there was no diversity of citizenship and no substantial federal question.

The District Judge recognized the rule that if the court was warranted in taking jurisdiction and the case fell within § 266 of the Judicial Code, a single judge was not authorized to dismiss the complaint on the merits, whatever his opinion of the merits might be. *Ex parte Northern Pacific Ry. Co.,* 280 U.S. 142, 144; *Stratton* v. *St. Louis S.W. Ry. Co.,* 282 U.S. 10, 15. But the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction. In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented. "A substantial claim of unconstitutionality is necessary for the application of § 266." *Ex parte Buder,*

271 U.S. 461, 467; *Louisville & Nashville R. Co.* v. *Garrett,* 231 U.S. 298, 304. That provision does not require three judges to pass upon this initial question of jurisdiction.

The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. *Mosher* v. *Phoenix,* 287 U.S. 29, 30; *Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103, 105. The question may be plainly unsubstantial, either because it is " obviously without merit " or because " its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Levering & Garrigues Co.* v. *Morrin, supra; Hannis Distilling Co.* v. *Baltimore,* 216 U.S. 285, 288; *McGilvra* v. *Ross,* 215 U.S. 70, 80.

While it is appropriate that a single District Judge to whom application is made for an interlocutory injunction restraining the enforcement of a state statute should carefully scrutinize the bill of complaint to ascertain whether a substantial question is presented, to the end that the complainant should not be denied opportunity to be heard in the prescribed manner upon a question that is fairly open to debate, the District Judge clearly has authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears. Such was his authority in the instant case, in view of the decisions of this Court bearing upon the constitutional authority of the State, acting in the interest of public safety, to enact the statute assailed. *Hendrick* v. *Maryland,* 235 U.S. 610, 622; *Continental Baking Co.* v. *Woodring,* 286 U.S. 352, 357, 365, 366; *Hess* v. *Pawloski,* 274 U.S. 352, 356. See, also, *Opinion of the Justices,* 251 Mass. 569; 147 N.E. 681; *Opinion of the Justices,* 81 N.H. 566; 129 Atl. 117.

Leave to file petition for writ of mandamus is denied.