Charles **HALL**, Petitioner-Appellant,

v.

The **STATE OF NEW YORK**, Respondent-Appellee.

No. 275, Docket 30053.

United States Court of Appeals
Second Circuit.

Argued March 7, 1966.

Decided April 1, 1966.

1. Reconstruction Finance Corp. v. Pelts, 7 Cir., 1941, 123 F.2d 503, 505, certiorari denied, 315 U.S. 812, 62 S.Ct. 796, 86 L. Ed. 1210.

Maurice Brill, New York City, for appellant.

Frank DiLalla, Asst. Dist. Atty. for Kings County, New York (Aaron E. Koota, Dist. Atty.), for appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Hall was arrested on September 23, 1964 and charged with violating the provisions of § 690 of the New York Penal Law, McKinney's Consol.Laws, c. 40 (sodomy), a misdemeanor.

Appellant's requests for a trial by jury were denied by the New York City Criminal Court. A similar request to the New York Supreme Court was also denied. On May 14, 1965 appellant was released, upon his own recognizance, pending trial.

On March 8, 1965 appellant wrote a letter in which he urged the district court to "intervene in my behalf * * * and see that I am granted a trial by jury." Appellant now claims that his request should have been construed as a request for injunctive relief against a state statute, and a three-judge court, pursuant to 28 U.S.C. § 2281, should have been convened.

The district court stated that the "informality of petitioner's papers makes classification a matter of conjecture." We will treat both Hall's petition and Judge Rosling's decision as coming within 28 U.S.C. § 2281.

In Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933) the Supreme Court held that a single judge could dismiss a petition for a three-judge court for want of jurisdiction. Although the 1942 amendment to § 2284(5) casts some doubt upon the continued validity of this rule, the Supreme Court has adhered to the *Poresky* doctrine. See Wright, Federal Courts § 50 at 166 (1963) and cases cited there. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), suggests that we can review the refusal to convene a three-judge court.

Hall's plea may be construed as a request for injunctive relief. But the district court had no jurisdiction to entertain this application because it does not, at least as presently before us, meet the requirements of 28 U.S.C. § 2281, by being specifically directed against *"any officer of such State* in the enforcement or execution of * * * [a specific] *statute"* (emphasis added), nor was "at least five days notice of the hearing * * * given to the governor and attorney general of the State," 28 U.S.C. § 2284(2).

In affirming the decision of the district court because of these deficiencies, we are observant of the admonition of the Supreme Court that the three-judge court act is not "a measure of broad social policy to be construed with great liberality, but * * * an enactment technical in the strict sense of the term and to be

applied as such." Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941).

Moreover, under long established principles, even if the appellant were to submit a new and technically correct application the district court should decline to interfere with the state proceedings. See Stefanelli v. Minard, 342 U.S. 117, 120, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Douglas v. City of Jeannette, 319 U.S. 157, 163–164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). In Moss v. Hornig, 314 F.2d 89, 91 (2d Cir. 1963) this court said:

> "Federal courts of equity have always been loath to restrain criminal prosecutions by states, even on constitutional grounds, where all constitutional issues can be decided in the first instance as a matter of course by the state courts."

For the same reason petitioner's claim under 42 U.S.C. § 1983 was properly dismissed.

Affirmed.