**Robert O. GILMORE, Jr., et al., Appellants,**

v.

**Thomas C. LYNCH et al., Appellees.**

**Nos. 22052 A–B–C–D–E–F.**

United States Court of Appeals Ninth Circuit.

Aug. 16, 1968.

John Wahl (argued), Paul N. Halvonik (argued), Marshall Krause for ACLU

(amicus), San Francisco, Cal., for appellants.

Robert R. Granucci (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellees.

Before CHAMBERS, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from an interlocutory order of the District Court for the Northern District of California denying petitioners' motion for the convening of a three-judge court pursuant to 28 U.S.C. § 2281.[1]

The appeal is taken pursuant to 28 U.S.C. § 1292(b), the district judge having, in his order, certified that in his opinion the order involved "a controlling question of law as to which there is substantial ground for difference of opinion," and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The controlling question as certified was whether appellants' claims involved a substantial question of constitutional law under the standards established in California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), and Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).[2]

Appellants are 89 inmates of the California State Prison at San Quentin. The complaint names as defendants the People of the State of California, various prison officials and the head of the State Department of Correction. Appellants seek an injunction against the enforcement of certain rules adopted by the State Director of Corrections and contained in Department of Corrections

1. "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

2. In *Poresky* the Court stated:
"The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" 290 U.S. at page 32, 54 S.Ct. at page 4.

Transmittal Letter No. 26/66, dated September 19, 1966, relating to the contents of prison law libraries and the future prison policy as to the obtaining and keeping by prisoners of private law books and court opinions.[3] Appellants contend that these regulations violate the due process and equal protection clauses of the Fourteenth Amendment in that they seriously infringe their rights of access to the courts and discriminate between indigent and affluent prisoners (in that the latter can obtain outside counsel for legal research, thus gaining effective access to the courts).

In our judgment the constitutional questions thus posed cannot be said to be plainly unsubstantial under the *Poresky* standards. Courts are currently struggling with the question of the extent of a prisoner's rights to have access to legal materials, e. g., our opinion in Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir.), cert. denied, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961). The Supreme Court has not yet spoken on the subject and the law can hardly be said to be settled.

■ We conclude that the District Court was in error in its ruling that no substantial question of constitutional law was presented.

Appellees urge affirmance upon two additional grounds:

First, they contend that the regulations in question were not those of an "administrative board or commission" under § 2281, but rather were promulgated by one man—the State Director of Correction.

■ We find no merit in this distinction. While the statute making provisions for three-judge courts is to be regarded as "an enactment technical in the strict sense of the term and to be applied as such," Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941), still, as the Court in that case recognized, "The crux of the business is procedural protection against improvident state-wide doom by a federal court of a state's legislative policy." 312 U.S. at page 251, 61 S.Ct. at page 483.

The regulation here is statewide in its application and is as effective and authoritative in its establishment of state policy as if it had been announced by a board of more than one member. See McCormick & Co. v. Brown, 52 F.2d 934, 937 (4th Cir. 1931), aff'd (without noting the particular point), 286 U.S. 131, 52 S.Ct. 522, 76 L.Ed. 1017 (1932).[4]

---

3. These regulations are as follows:
   "330.041. There shall be established in each institution a standard set of basic codes and references which shall consist of and be limited to:
   1. The California Penal Code
   2. The California Welfare and Institutions Code
   3. The California Health and Safety Code
   4. The California Vehicle Code
   5. The United States and California Constitutions
   6. A recognized law dictionary (such as Black's)
   7. Witkin's California Criminal Procedures (Bender Moss Co.)
   8. Subscription to California Weekly Digest
   9. California Rules of Court
   10. Rules of the United States Court of Appeals (Ninth Circuit)
   11. Rules of the United States Supreme Court

330.042 Sufficient copies will be maintained to provide reasonable access on not less than a weekly basis.
330.043 All State owned law books and references will be maintained in a suitable place and no State owned books or references are to be removed from the designated 'law library,' except to administrative segregation units as scheduled.
330.044 Inmates will not be permitted to purchase or receive personally owned law books or reference material.
330.045 Inmates may receive or purchase a single copy of an opinion or decision in their own case (commonly known as 'slip opinions') and retain it in their own possession. * * * "

4. In Herkness v. Irion, 278 U.S. 92, 49 S.Ct. 40, 73 L.Ed. 198 (1928), the Court considered a regulation promulgated by a single person without commenting on that fact.

Second, appellees contend that appellant's motion for a three-judge court was properly denied since the complaint not only attacks the regulation promulgated by the State Director of Corrections but also, and primarily, is directed at certain prison practices allegedly followed at San Quentin which are not state-wide in application and not properly the subject of three-judge court jurisdiction.

This, however, is no justification for refusal to convene a three-judge court as to the tendered issues which are properly within its jurisdiction. Remaining issues can be withheld for single-judge determination. See Wright, Federal Courts, 165 (1963).

Reversed and remanded with instructions that the order be set aside and for further proceedings looking toward the convening of a three-judge court.