Carlos **RAZOS** et al., Plaintiffs-Appellants,

v.

Emma **DRUSINA** et al., Defendants-Appellees.

No. 30548

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 17, 1971.

Fred Weldon, Jr., Kent R. Morrison, El Paso, Tex., for plaintiffs-appellants.

Enrique H. Pena, County Atty., El Paso County, John W. Stokes, Jr., U. S. Atty., Richard H. Still, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Razos appeals from the District Court's dismissal of his complaint, in which he sought the empanelling of a three-judge court to determine the constitutionality of Texas Rules of Civil Procedure 746, 749, and 750. Here he asserts that Rules 749 and 750, which require an appeal bond in forcible entry and detainer cases and prescribe the form to be used in filing such a bond, violate the equal protection clause of the fourteenth amendment. Thus he argues that a three-judge court should have been convened to decide whether enforcement of these rules should be enjoined. *See* 28 U.S.C.A. §§ 2281, 2284.

 While section 2281 is not a measure of broad social policy, we are convinced that the statute is expansive enough in scope to encompass the situation here. The Texas Rules of Civil Procedure, promulgated by the state supreme court but subject to legislative veto, have the force and effect of statutes, especially when they repeal prior legislative enactments. *See* Callahan v. Stover, Tex.Civ.App. 1953, 263 S.W.2d 630; *cf.* Sibbach v. Wilson, 1941, 312 U.S. 1, 14–16, 61 S.Ct. 422, 85 L.Ed. 479. *See also* Gilmore v. Lynch, 9 Cir. 1968, 400 F.2d 228, 230. Without reaching the merits of this controversy, we conclude that the District Judge's refusal to request a three-judge court was erroneous. *E. g.*, Hargrave v. McKinney, 5 Cir. 1969, 413 F.2d 320, 322–324.

Reversed and remanded.

* Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.