Annette BELL, by her next friend, Dianne Rubin, individually and on behalf of all persons alleged to be mentally ill who are similarly situated, Plaintiffs-Appellants,

v.

WAYNE COUNTY GENERAL HOSPITAL AT ELOISE et al., Defendants-Appellees.

No. 71–1708.

United States Court of Appeals, Sixth Circuit.

March 15, 1972.

**1063**

us that the complaint does allege facts which if accepted as true, represent claims of substantial federal constitutional violations. See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

The judgment of the District Court is vacated and the case is remanded for the appointment of a three-judge court under 28 U.S.C. §§ 2281 and 2284 (1970).

Gabe Kaimowitz, Mich. Legal Service Assistance Program, Detroit, Mich., for plaintiffs-appellants; Joel D. Kellman, Mich. Legal Service Assistance Program, Detroit, Mich., on brief.

Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., for defendants-appellees; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from a denial by a District Judge in the United States District Court for the Eastern District of Michigan of petitioner's motion to convene a three-judge court. Appellant challenges the constitutionality of certain sections of Michigan Statutes dealing with the temporary detention of persons alleged to be mentally ill. She seeks permanently to enjoin the enforcement and operation of Michigan Statute Annotated 14.809(1) and 14.811 (1969), as amended, (Supp. 1971), M.C.L.A. §§ 330.11a, 330.-21, on the ground that under the terms of said statute she has been deprived of and is currently threatened with being deprived of due process of law.

Our inspection of these statutes, appellant's claim and the opinion of the District Judge denying relief convinces