Tonya K. McCARTHER, a minor, by Monica R. McCarther, her mother, next friend and natural guardian, and Monica R. McCarther, Individually, Plaintiffs,

v.

GRADY COUNTY, OKLAHOMA, the City of Chickasha, Oklahoma, the Oklahoma State Bureau of Investigation, Ron Taylor, and Neal Locke, Defendants.

No. CIV–77–0431–D.

United States District Court,
W. D. Oklahoma.

Aug. 22, 1977.

Donald W. Davis, Oklahoma City, Okl., for plaintiffs.

Melvin R. Singleterry, Dist. Atty., and Larry E. Baresel, Asst. Dist. Atty., Chickasha, Okl., for defendants Grady County, Taylor and Locke.

Robert L. Huckaby, Chickasha, Okl., for defendant The City of Chickasha, Oklahoma.

Larry Derryberry, Atty. Gen. by Paul C. Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for defendant The Oklahoma State Bureau of Investigation.

## ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action arising out of a shooting incident which allegedly occurred at Plaintiffs' home in Chickasha, Oklahoma. In their Complaint, Plaintiffs allege that Defendant Ron Taylor (Taylor) is the elected sheriff of Defendant Grady County, Oklahoma (County) and Defendant Neal Locke (Locke) is a deputy sheriff employed by Defendant Taylor; that at all times pertinent to Plaintiffs' cause of action, Defendants were acting under color of state law [1] and "under color of a custom of Grady County, Oklahoma, the City of Chickasha, and the Oklahoma State Bureau of Investigation to maintain a policy of discrimination and contempt towards members of the Negro race;" that city, county and state law enforcement officers planned, as a joint venture, a search and arrest of the occupants of a residence located across the street from Plaintiffs' home; that during the course of said search, Defendant Locke fired his service revolver at a person fleeing from the scene; and that the bullet fired from Defendant Locke's revolver passed through the front door of Plaintiffs' home and struck Plaintiff Tonya K. McCarther and another person, resulting in the personal injuries and property damage for which Plaintiffs seek recovery herein. It is as-

---

[1] Plaintiffs specifically allege that Defendants were acting under color of 63 Okla.Stat.1971 § 2-401(A) which reads as follows:

"A. Except as authorized by this act, it shall be unlawful for any person:

1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance."

serted that this Court has jurisdiction of this action "by virtue of the fact that the matter in controversy, exclusive of interest and costs, exceeds Ten Thousand Dollars ($10,000.00); and upon violation of 42 U.S.C. § 1983; and the violation of Amendment IV [sic] [2] of the United States Constitution." [3] (Emphasis omitted).

Defendant City of Chickasha, Oklahoma (City) has filed herein a Motion to Dismiss this action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted and a Motion to Transfer this case to Chickasha, Oklahoma, under Rule 3(e), Local Court Rules.[4] Said Motions are supported by separate Briefs and Plaintiffs have filed a Brief in opposition thereto.

The Court will consider the City's Motions seriatim.

## MOTION TO DISMISS

In support of its Motion to Dismiss, the City contends that it is entitled to be dismissed from this action as Plaintiffs have attempted to allege a cause of action under 42 U.S.C. § 1983 and the City is not a "person" within the meaning of § 1983. The City does not address the possibility that the Court has jurisdiction of this action under 28 U.S.C. § 1331.

In their Brief in opposition to the City's Motion to Dismiss, Plaintiffs assert that the City is a proper party defendant in an action under § 1983 and that Plaintiffs' allegations of municipal deprivation of their Fourteenth Amendment rights gives this Court federal question jurisdiction as more than $10,000 is in controversy herein.

It is well established that a municipal corporation is not a person within the meaning of 42 U.S.C. § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Shadid v. Oklahoma City,* 494 F.2d 1267 (Tenth Cir. 1974). Therefore, Plaintiffs' Complaint should be dismissed insofar as it seeks recovery against the City under § 1983 as the Court lacks subject matter jurisdiction of this action under 28 U.S.C. § 1343(3). However, federal question jurisdiction under 28 U.S.C. § 1331 may be invoked in an action by a plaintiff asserting constitutional rights under the Fourteenth Amendment against municipalities immune under 42 U.S.C. § 1983. *City of Kenosha v. Bruno, supra; United States v. City of Chicago,* 549 F.2d 415 (Seventh Cir. 1977); *Popkin v. New York State Health and Mental Hygiene Facilities Improvement Corp.,* 547 F.2d 18 (Second Cir. 1976); *Reeves v. City of Jackson,* 532 F.2d 491 (Fifth Cir. 1976); *Amen v. City of Dearborn,* 532 F.2d 554 (Sixth Cir. 1976); Wright and Miller, *Federal Practice and Procedure:* Civil § 3573; *see Mt. Healthy City School Dis-*

2. Plaintiffs' intended citation is evidently U.S. Const. Amend. XIV as Plaintiffs' Brief in opposition to the City's Motion refers only to the Fourteenth Amendment.

3. Plaintiffs are apparently alleging that the Court has subject matter jurisdiction of this case under both 28 U.S.C. § 1331(a) and § 1343(3). § 1331(a) provides in part as follows:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. . . ."

§ 1343 provides in pertinent part as follows:
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

4. Local Rule 3(e), *supra,* provides as follows:
"(e) Whenever in any civil or criminal proceeding the Court finds upon its own motion, or motion of any party, or stipulation, that the convenience of parties or witnesses, in the interest of justice, will be served by transferring the action to Chickasha, Enid, Guthrie, Lawton, Mangum, Pauls Valley, Ponca City, Shawnee or Woodward, the Court may order such transfer."

*trict Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). However, to give a federal court jurisdiction under § 1331 the federal question alleged must be substantial. *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.,* 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626 (1920); *Garvin v. Rosenau,* 455 F.2d 233 (Sixth Cir. 1972). In *Ex Parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), the Supreme Court explained substantiality:

> "The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' [citations omitted]."

It does not appear that previous court decisions foreclose the issue presented herein. However, said question may be obviously without merit. To be obviously without merit, an alleged constitutional claim might represent an attempt to obtain federal jurisdiction by the mere assertion of a frivolous connection between the constitution and the subject matter of the dispute, or the alleged constitutional claim might simply be immaterial to the real controversy. *Garvin v. Rosenau, supra; see Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In the instant case, Plaintiffs are seeking recovery for personal injuries and property damage alleged to have been negligently inflicted by a law enforcement officer. Diversity of citizenship does not exist between Plaintiffs and any of the Defendants. Therefore, Plaintiffs' alleged violations of their Fourteenth Amendment rights might very well represent an attempt to obtain federal jurisdiction as the constitution seems to bear little relationship to the actual subject matter of this action. Likewise, Plaintiffs' claimed violations of their constitutional rights are immaterial to the real controversy herein, namely liability for the accidental injuries and damages Plaintiffs allege. Accordingly, the Court finds and concludes that Plaintiffs' consti-

tutional claims are obviously without merit and therefore, no substantial federal question is present herein. Thus, the Court lacks jurisdiction of this action under § 1331 and Plaintiffs' Complaint should be dismissed as to Deft. City of Chickasha, Oklahoma.

It is so ordered this 22nd day of August, 1977.