NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1063
_____

DEVON AUSTIN EARL,
sui juris,
Appellant

v.

BRANDON HARRIS, Badge #2918, in his individual and official capacity as Police
Officer of New Castle County Police Department; ALEXANDER PETERSON, in his
individual and official capacity as Magistrate of Justice of the Peace Court No. 11;
"CTEMPLE CLERK" (NEW CASTLE CLERK OF THE PEACE), in her individual and
official capacity as Clerk of New Castle County Justice of the Peace County No. 11;
JESSICA ZEILMAN, Badge #39344, in her individual and official capacity as Police
Officer of University of Delaware Police Department; MARIA PEREZ-CHAMBERS, in
her individual and official capacity as Magistrate of Justice of the Peace Court No. 11;
KATHERINE L. MAYER, in their individual and official capacity as Judge of New
Castle County Court of Common Pleas for the State of Delaware; CAROL LEMIEUX, in
her individual and official capacity as Court Clerk of New Castle County Court of
Common Pleas for State of Delaware; AJ ROOP, in his official capacity as State
Prosecutor of State of Delaware; COLONEL JOSEPH S. BLOCH, in his official capacity
as Police Chief of New Castle County Police Department; ALAN DAVIS, in his official
capacity as Chief Magistrate of Justice of the Peace Court No. 11; PATRICK OGDEN, in
his official capacity as Chief of Police University of Delaware; CARL C. DANBERG, in
his official capacity as Chief Judge of New Castle County Court of Common Pleas for
the State of Delaware; MATTHEW MEYER, in his official capacity as Executive of New
Castle County; SECRETARY OF DELAWARE DEPARTMENT OF
TRANSPORTATION; JANA SIMPLER, in her official capacity as Director of Delaware
Department of Motor Vehicles; DENNIS ASSANIS, in his official capacity as President
of University of Delaware; GOVERNOR OF DELAWARE; ERIS S. YUAN, in his
official capacity as CEO of Zoom Video Communications Inc.; NEW CASTLE
COUNTY, a municipal corporation; STATE OF DELAWARE, a federal corporation;
UNIVERSITY OF DELAWARE, a state-assisted Delaware corporation; NEW CASTLE
COUNTY POLICE DEPARTMENT, a municipal corporation; NEW CASTLE
COUNTY JUSTICE OF THE PEACE COURT NO. 11, a municipal corporation;
DELAWARE DEPARTMENT OF MOTOR VEHICLES, a federal municipal

corporation; DELAWARE DEPARTMENT OF TRANSPORTATION; NEW CASTLE COUNTY COURT OF COMMON PLEAS, a municipal corporation; ZOOM VIDEO COMMUNICATIONS INC., a domestic Delaware corporation

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-22-cv-01026)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 22, 2023)

_____

OPINION[*]

_____

PER CURIAM

Devon Austin Earl, who identifies himself as an adult Moorish-American National, appeals the District Court's orders dismissing his complaint and denying reconsideration.  For the reasons detailed below, we will affirm the District Court's judgment.

According to Earl's complaint and the documents attached to it, defendant New Castle County Police Officer Brandon Harris pulled over Earl's automobile in March 2020 because his "insurance was flagged."  ECF No. 2 at 10.  Earl was charged with failure to have required insurance, <u>see</u> 21 Del. C. § 2118, and having a fictitious or

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

canceled registration, see 21 Del. C. § 2115. ECF No. 2-7. Instead of attending his court dates, Earl filed various documents that distinguished between "Devon-Austin: Earl" and "DEVON AUSTIN EARL," alleged that Delaware had failed to join an indispensable party, stated that he did not consent to the proceedings, accused Delaware of "employing its war powers against its citizenry," ECF No. 2-6, and claimed that because Delaware did not respond to his initial filings, it was in default and was required to dismiss the case, see ECF No. 2-10. Eventually, Earl's driver's license was suspended and a warrant was issued for his arrest. See ECF No. 2-12. He was later arrested at his place of employment. See ECF No. 2 at 17.

Earl then filed a complaint alleging that more than 20 defendants—police officers who detained and arrested him, judges and clerks who were involved in his criminal proceedings, the State of Delaware and several of its departments, New Castle County, and Zoom Video Communications, among others—violated his rights under federal and state law. After granting leave to proceed in forma pauperis, the District Court screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed it. See ECF No. 7. The Court determined that the judges, as well as the clerks who were supporting the judges, were protected by judicial immunity; that the State of Delaware, its departments, and its officials who were sued in their official capacities were protected by Eleventh Amendment immunity; that Earl had failed to allege Monell liability against the municipal defendants; that any claim against Officer Harris was time-barred; that Zoom was not a state actor for purposes of § 1983; and that Earl had failed to state any claim for violation of state law. The Court gave Earl the opportunity to amend the complaint, but

3

instead, Earl filed a motion for reconsideration, arguing that it would not be to his benefit to amend. The Court denied the motion and dismissed the complaint with prejudice. Earl appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court's analysis in full. In lieu of reproducing the District Court's reasoning, we will address additional arguments that Earl has raised in his brief. First, Earl argues that, because he was not traveling for profit, the defendants had no right to stop him or insist that he maintain a driver's license, insurance, or registration. However, the Supreme Court has long recognized a state's right to use its police powers to "require the registration of such vehicles and the licensing of their drivers," Hendrick v. State of Maryland, 235 U.S. 610, 622 (1915), and to require motorists to carry insurance, see Ex parte Poresky, 290 U.S. 30, 32 (1933) (per curiam), and Delaware has done so, see 21 Del. C. §§ 2115, 2118. Thus, the premise underlying much of his case—that the initial stop was illegitimate—is baseless.

Earl also argues that the judges were not entitled to judicial immunity because he did not consent to their jurisdiction. See Br. at 8. While a judge is not immune for actions "taken in the complete absence of all jurisdiction," Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam), the judges here were exercising jurisdiction conferred by statute,

4

see 21 Del. C. § 703; 11 Del. C. § 2701(b).  Further, personal jurisdiction is established by a "defendant's physical presence before the court," State v. Korotki, 418 A.2d 1008, 1012 (Del. Super. Ct. 1980); cf. Holloway v. Brush, 220 F.3d 767, 773 (6th Cir. 2000) (stressing that lack of personal jurisdiction does not abrogate judicial immunity); whether Earl consented to the criminal proceedings is of no consequence.

Next, Earl contends that the state defendants were not protected by Eleventh Amendment immunity because he is not a citizen of Delaware.  However, the Eleventh Amendment "bars all private suits against non-consenting states in the federal courts," In re Venoco LLC, 998 F.3d 94, 109 (3d Cir. 2021), irrespective of the plaintiff's citizenship, see Del. River Joint Toll Bridge Comm'n v. Sec'y Pa. Dep't of Lab. & Indus., 985 F.3d 189, 193 (3d Cir. 2021).

Earl also argues that he can raise constitutional claims under the theory of respondeat superior.  See Br. at 16.  That is incorrect.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 2015) (stating that a plaintiff "cannot predicate liability on her § 1983 claims on a *respondeat superior* basis").

Finally, Earl objects to the fact that a document he filed with the caption "objection to Richard G. Andrews' memorandum opinion," ECF No. 9, was treated as a motion for reconsideration.  There was no error.  Courts construe filings based on their function, not their label, see United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003), and Earl's motion sought reconsideration of the District Court's dismissal order.

For these reasons and those expressed by the District Court, we will therefore affirm the District Court's judgment.